IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RICKY GREER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16-CV-00935-DGK |
| ) | |
| PROGRESSIVE CASUALTY INSURANCE ) | |
| COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING MOTION TO REMAND

This suit concerns the underinsured coverage of insurance policies issued to Plaintiff Ricky Greer ("Plaintiff") by Defendants Progressive Northwestern Insurance Company ("Progressive Northwestern") and Progressive Casualty Insurance Company ("Progressive Casualty"). Plaintiff had three separate insurance policies: one with Progressive Northwestern for a 2015 Harley Davidson Motorcycle ("Harley Policy"); one with Progressive Casualty for a 1993 Chevrolet C3500 ("Chevy Policy"); and another with Progressive Casualty for a 1990 Mazda Miata ("Mazda Policy"). All three policies contained underinsured motorist ("UIM") benefits provisions.

On August 2, 2015, Plaintiff was involved in an accident with another driver while riding his 2015 Harley Davidson Motorcycle. He claims his damages from the accident exceed $350,000. Plaintiff recovered $100,000 from the other driver's insurance company, and demanded payment from his own insurance providers pursuant to his UIM coverage. Defendants denied Plaintiff's claims under each of the policies.

Plaintiff then filed this action in the Circuit Court of Jackson County, Missouri, seeking payment of his UIM benefits and asserting a claim for vexatious refusal to pay under Missouri

Revised Statute § 375.420. Defendants timely removed this action to the federal district court by invoking the Court's diversity jurisdiction.

Now before the Court is Plaintiff's Motion to Remand (Doc. 7) asserting Defendants should be deemed citizens of Missouri. And, as citizens of Missouri, the parties are not diverse and the Court lacks jurisdiction over this matter. For the reasons set forth below, Plaintiff's motion is DENIED.

## Discussion

A case falls within the court's original diversity jurisdiction if the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Typically, a corporation is "deemed a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." *Id.* § 1332(c)(1). Here, it is undisputed that: (1) Plaintiff was a citizen of Missouri at the time this cause of action arose, Pet. ¶ 2 (Doc. 2-1); (2) Defendants Progressive Northwestern and Progressive Casualty are Ohio corporations with their principle place of business in Ohio, Pet. ¶¶ 3-4; and (3) the amount in controversy exceeds $75,000, *see* Pet. ¶¶ 21, 23. Under these facts, diversity jurisdiction exists.

But Plaintiff argues that Defendants should be considered citizens of Missouri under the "direct action" provision of § 1332, thus defeating the Court's diversity jurisdiction. In a "direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of every State . . . of which the insured is a citizen." 28 U.S.C. § 1332(c)(1)(A) (emphasis added). This provision "was primarily intended to eliminate the use of diversity jurisdiction to gain entry into [federal court] to sue in tort under [a] state's direct action

statute, which allows an injured party to sue directly the insurer of a tortfeasor without joining the tortfeasor himself as a defendant." *Home Indem. Co. v. Moore*, 499 F.2d 1202, 1205 (8th Cir. 1974). The provision "'is applicable when the insurer stands in the shoes of its legally responsible insured, but the provis[ion] does not affect suits against the insurer based on its independent wrongs: such as actions brought against the insurer by the insured for failure to pay policy benefits.'" *Webb v. State Farm Mut. Auto Ins. Co.*, No. 4:07-CV-0094-ODS, 2007 WL 1030473, at *1 (W.D. Mo. Mar. 29, 2007) (quoting *Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 675 (2d Cir. 1992)) (internal alterations omitted).

Here, Plaintiff is suing his own insurance companies—not the insurance companies of a third party—for failure to pay UIM benefits and vexatious refusal to pay. Thus, this does not constitute a "direct action" under 28 U.S.C. § 1332(c)(1), and Defendants will not be deemed citizens of Missouri. *See, e.g.*, *Chinnock v. Safeco Nat. Ins. Co.*, No. 10-04105-CV-W-FJG, 2010 WL 2803056, at *3 (W.D. Mo. July 15, 2010) ("In cases in which a plaintiff is suing her own insurance company, courts in Missouri and the Eighth Circuit have found that these suits do not constitute 'direct actions.'").

Accordingly, diversity jurisdiction exists and Plaintiff's Motion to Remand (Doc. 7) is DENIED. Plaintiff's request for attorney's fees is also DENIED. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").

**IT IS SO ORDERED.**

Dated: January 17, 2017          /s/ Greg Kays
                                 GREG KAYS, CHIEF JUDGE
                                 UNITED STATES DISTRICT COURT